```
                      UNITED STATES DISTRICT COURT
                        DISTRICT OF CONNECTICUT

------------------------------x
                              :
DAVID F.                      :    Civ. No. 3:21CV00315(SALM)
                              :
v.                            :
                              :
COMMISSIONER OF THE SOCIAL    :
SECURITY ADMINISTRATION       :
                              :    January 19, 2022
------------------------------x
```

## ORDER GRANTING PLAINTIFF'S "APPLICATION FOR EAJA" IN ACCORDANCE WITH THE STIPULATION OF THE PARTIES

Plaintiff David F. ("plaintiff") filed concurrent applications for Supplemental Security Income and Disability Insurance Benefits on July 5, 2016, alleging disability beginning October 15, 2015. See Certified Transcript of the Administrative Record, Doc. #14, compiled on June 8, 2021, (hereinafter "Tr.") at 383-96. Plaintiff's applications were denied initially on September 9, 2016, see Tr. 193-96, and upon reconsideration on January 3, 2017. See Tr. 208-14.

On April 25, 2018, plaintiff, then self-represented, appeared at a hearing before Administrative Law Judge ("ALJ") Edward Sweeney, at which no substantive testimony was taken. See generally Tr. 117-22. On July 25, 2018, plaintiff, represented by Attorney Russell Zimberlin, appeared and testified at a second administrative hearing before ALJ Sweeney. See generally Tr. 81-116. On August 15, 2018, the ALJ issued an unfavorable

1

decision (the "2018 decision"). See Tr. 165-85. On November 19, 2019, the Appeals Council granted plaintiff's request for review of the ALJ's 2018 decision, vacated the 2018 decision, and remanded the case to ALJ Sweeney for further administrative proceedings. See Tr. 186-91.

On April 15, 2020, the ALJ held a third administrative hearing, at which only vocational expert testimony was taken. See generally Tr. 60-74. On April 23, 2020, the ALJ issued a second unfavorable decision (hereinafter the "2020 decision"). See Tr. 38-59. On January 28, 2021, the Appeals Council denied plaintiff's request for review, thereby making the ALJ's 2020 decision the final decision of the Commissioner. See Tr. 29-35. Plaintiff timely appealed that decision to this Court on March 10, 2021. [Doc. #1].

On July 6, 2021, after having received an extension of time, see Doc. #13, the Commissioner (hereinafter the "defendant" or the "Commissioner") filed the official transcript. [Doc. #14]. On September 7, 2021, plaintiff filed a Motion for Order Reversing the Commissioner's Decision. [Doc. #16]. On October 29, 2021, defendant filed a Motion to Affirm the Decision of the Commissioner. [Doc. #20]. Plaintiff filed a reply brief on November 11, 2021. [Doc. #22]. On December 16, 2021, the undersigned partially granted plaintiff's motion to

2

reverse, and denied defendant's motion to affirm. See Doc. #23. Judgment entered for plaintiff on that same date. [Doc. #24].

On January 7, 2022, the parties filed a Stipulation for Allowance of Fees Under the Equal Access to Justice Act ("EAJA") (hereinafter the "Stipulation"). [Doc. #25]. In the Stipulation, the parties "agree and stipulate that Plaintiff shall be awarded attorney fees in the amount of **$8,250.00** under the [EAJA], 28 U.S.C. §2412, in full and final satisfaction (upon payment) of any and all claims under EAJA." Id. at 1. On January 7, 2022, the Court entered an Order requiring that by January 17, 2022, plaintiff's counsel "provide the Court with an accounting of fees sought in compliance with the statute including the number of hours claimed; a statement of whether the hours were incurred by an attorney, a paralegal, or other employee; and the hourly rate applied." Doc. #26. On January 14, 2022, plaintiff's counsel filed an "Application for EAJA[,]" Doc. #27, attached to which is a "Federal Court Time Sheet[,]" reflecting the hours incurred by plaintiff's counsel in prosecuting this case (hereinafter the "time sheet"). Doc. #27-1.

Although the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review plaintiff's counsel's time sheet and determine whether the proposed award is reasonable. "[T]he determination of a reasonable fee under the EAJA is for the court rather than the

3

parties by way of stipulation." Pribek v. Sec'y, Dep't of Health & Human Servs., 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (citation and quotation marks omitted); see also Rogers v. Colvin, No. 4:13CV00945(TMC), 2014 WL 630907, at *1 (D.S.C. Feb. 18, 2014); Design & Prod., Inc. v. United States, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation"). The Court therefore has reviewed the itemization of hours expended by plaintiff's counsel to determine whether the agreed upon fee amount is reasonable.

For the reasons set forth herein, the Court **APPROVES and SO ORDERS** the parties' Stipulation [**Doc. #25**], and **GRANTS** the "Application for EAJA" [**Doc. #27**], for the stipulated amount of **$8,250.00**.

## DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the EAJA, 28 U.S.C. §2412, the purpose of which is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (citing Sullivan v. Hudson, 490 U.S.

4

877, 883 (1989)). In order for an award of attorney's fees to enter, this Court must find (1) that the plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty days of final judgment. See 28 U.S.C. §2412(d)(1)(B).

Plaintiff's attorney claims fees for 40.45 hours of work at a rate of $222.54 per hour. See Doc. #27 at 4; see also Doc. #27-1.[1] The parties have reached an agreement under which defendant would pay $8,250 in fees, which represents approximately 37.10 hours of attorney time. It is plaintiff's burden to establish entitlement to a fee award, and the Court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983) (interpreting 42 U.S.C. §1988, which allows a "prevailing party"

---

[1] The time sheet reflects that plaintiff's counsel spent 40.80 hours prosecuting this matter. See Doc. #27-1 at 2-5. Plaintiff's Application, however, seeks only 40.45 hours of time. See Doc. #27 at 4. The Court therefore uses the time sought in the Application.

The Court also notes that the math in plaintiff's Application is not correct. Plaintiff represents that he seeks compensation for 40.45 hours of work at a rate of $222.5392 per hour, for a total of $9,721.52. See id. The Court's calculations, however, indicate that the total should reflect $9,001.71.

5

to recover "a reasonable attorney's fee as part of the costs").[2] This Court has a duty to review plaintiff's time sheet to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." J.O. v. Astrue, No. 3:11CV01768(DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014) (quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010)).

Here, the Court finds that plaintiff has satisfied the requirements of 28 U.S.C. §2412(d)(1)(B), and that an award of fees may enter. Specifically, the Court finds that: (1) plaintiff is a prevailing party in light of the Court ordering a remand of this matter for further administrative proceedings; (2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the fee petition was timely filed. See 28 U.S.C. §2412(d)(1)(B). The Court next turns to the reasonableness of the fees sought.

In this case, plaintiff's counsel seeks payment for 37.10 hours of work, reduced from the 40.45 hours actually expended.

---

[2] The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433 n.7.

See generally Docs. #27, #27-1. The administrative transcript in this case was comprised of 894 pages and plaintiff's counsel submitted a thorough and well-reasoned brief, which raised an Appointments Clause challenge in the context of "a somewhat unique procedural posture[.]" Doc. #23 at 12; see also Docs. #16-1, #22. The Court finds the attorney time reasonable for the work claimed, including: review of the administrative transcript [Doc. #14]; preparation of the motion to reverse and supporting memorandum [Docs. #16, #16-1]; preparation of the statement of material facts [Doc. #16-2]; and preparation of the reply brief [Doc. #22]. Cf. Rodriguez v. Astrue, No. 3:08CV00154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009) ("Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." (quotation marks and multiple citations omitted)); see also Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1012 (E.D. Wis. 2004); cf. Barbour v. Colvin, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014).

The Court further finds that the 37.10 hours claimed in attorney time is reasonable. "Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute." Poulin v. Astrue, No.

7

3:10CV01930(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012)(citations and quotation marks omitted); Cobb v. Astrue, No. 3:08CV01130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009). Accordingly, the Court finds that the claimed time is reasonable, particularly in light of the parties' stipulation, which adds weight to the claim that the fee award claimed is reasonable.

Therefore, an award of **$8,250.00** in fees is appropriate, and the Court **APPROVES and SO ORDERS** the parties' Stipulation [**Doc. #25**], and **GRANTS** the "Application for EAJA" [**Doc. #27**], for the stipulated amount of **$8,250.**

SO ORDERED at New Haven, Connecticut this 19th day of January, 2022.

                                               /s/
                                     HON. SARAH A. L. MERRIAM
                                     UNITED STATES DISTRICT JUDGE